UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KENNETH WASHINGTON,

                Petitioner,

v.                                                9:20-CV-1094
                                                      (BKS)
COLUMBIA COUNTY SHERIFF'S OFFICE,

                Respondent.
_____

APPEARANCES:                                          OF COUNSEL:

KENNETH WASHINGTON
28 Snow Terrace
Poughkeepsie, NY 12601

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

      Petitioner Kenneth Washington seeks federal habeas relief pursuant to 28 U.S.C. § 2254.  Dkt. No. 1, Petition ("Pet.").  On October 5, 2020, the Court issued a Decision and Order granting petitioner's IFP application and providing petitioner with thirty days leave to clarify what he was challenging and what actions, if any, he had taken in state court.  *See* Dkt. No. 5, Decision and Order ("October Decision").  Specifically, the Court explained that if petitioner was seeking to challenge either his 2014 criminal conviction or the resulting sentence – including the post-release supervision – he was required to seek permission from the Second Circuit to file a successive petition.  *Id.* at 6-8.  If, instead, petitioner sought to challenge his present custody – due to a supervision violation – the petitioner would first have to exhaust his state court remedies.  *Id.* at 8-10.  The present petition did not include

any specifics about any administrative or judicial appeals processes in which petitioner had engaged; therefore, petitioner was advised that his affirmation would also have to detail the procedural posture of any administrative or state law actions. *Id.* at 10.

In compliance with the October Order, petitioner timely filed an affirmation. Dkt. No. 6, Affirmation ("Aff."). In it, petitioner clarified his intentions indicating he "would like to get the supervision t[aken off] of [him.]" *Id.* This indicates that petitioner intends to challenge the original sentence, specifically the post-release supervision, which was imposed in 2014. For the reasons previously discussed in the October Order, and because district courts have no jurisdiction to decide successive petitions, the Court is required to transfer this action to the appropriate Court of Appeals. *Torres v. Senkowski*, 316 F.3d 147, 151-52 (2d Cir. 2003). Accordingly, the Court transfers this action to the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *Id.*

**WHEREFORE**, it is

**ORDERED** that the Clerk transfer this petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court; and it is further

**ORDERED** that the Clerk serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: December 14, 2020

Brenda K. Sannes
U.S. District Judge